# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                                                          Case No. 6:01-cr-58-Orl-28DAB

DAVID WILLIAMS

---

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration with hearing on the order of limited remand from the Eleventh Circuit (Doc. No. 250). Defendant Williams appeared at the hearing with his counsel Michael Nichola. Defendant Williams was advised as to the nature and purpose of the hearing. The undersigned addressed a number of questions to Defendant Williams in an effort to ascertain his intentions with respect to discharging his counsel and dismissing his pending appeal. Defendant Williams persisted in giving nonresponsive answers to the Court's inquiries and, instead, made repeated references (orally and in writing) to the Uniform Commercial Code. Defendant Williams' remarks bore no relation to the matters under consideration and made it impossible to complete the inquiries necessary to address the subjects covered by the limited remand. Based on his lack of cooperation in answering necessary inquiries, the Court is unable to conclude that Defendant Williams meets the criteria for a knowing and intelligent waiver of representation by counsel.

With respect to his competency, Defendant Williams also foreclosed meaningful inquiry. Based on the comments of his attorney and Williams' own conduct at the hearing, it appears that Williams is fixated on some interpretation of the Uniform Commercial Code or other constructions of law that he believes have greater bearing on his current situation than application of the principles

of criminal law and procedure. While he is obviously mistaken in this fixation, there is no other indication that he is incompetent in the medical-legal sense, but, again, the record is not adequate to reach a firm conclusion as to his ability to make decisions for himself.

On this state of the record, Mr. Williams has not demonstrated that he has effectively invoked his right to self representation.[1] Further, due to Mr. Williams' lack of cooperation, this Court was unable to gather information regarding his desire to dismiss the appeal. **Accordingly, it is respectfully recommended that, pursuant to the limited remand, the Eleventh Circuit be advised that Mr. Williams has failed to show that he desires to dismiss his appeal and is competent to do so.**

In the alternative, Mr. Williams could be brought back before the Court (with either the District Judge or Magistrate Judge presiding) to see if, upon reflection, he wishes to be cooperative with the necessary inquiries (as he eventually was prior to trial).

Another alternative would be to order that Mr. Williams be sent for psychiatric evaluation within the Bureau of Prisons. However, there is no objective evidence to support such a referral, other than Mr. Williams' fixation as noted above. It also seems likely that Mr. Williams would decline to cooperate with mental health evaluators so as to make the referral an exercise in futility.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] A similar situation occurred prior to trial. Williams moved to discharge counsel but refused to cooperate at the hearing on his motion, leading to its denial. *See* Doc. Nos. 62 and 73. Williams renewed the motion (Doc. No. 77) and this time cooperated at the *Faretta* hearing (Doc. No. 83), and the motion was granted (Doc. No. 85).

Respectfully recommended in Orlando, Florida on this 23rd day of August, 2005.

                                                   DAVID A. BAKER
                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy