UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                  Case No.: 6:01-cr-58-Orl-31DAB

DAVID WILLIAMS,

    Defendant.
_____/

**ORDER**

This case is before the Court on Defendant's Motion To Set Aside Void Judgment filed pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 265, filed February 26, 2007). Plaintiff filed a response in opposition to Defendant's Motion. (Doc. No. 269, filed April 5, 2007). Thereafter, Defendant filed a reply. (Doc. No. 270, filed April 16, 2007).

In his Rule 60 Motion, Defendant alleges four claims: (1) the "federal government lacked federal legislative, territorial, or admiralty in over the locus quo"; (2) "the federal government failed to establish federal interstate commerce nexus"; (3) "the federal government charging instruments are fatally defective"; and (4) "Title 18 and 21 U.S.C. are unconstitutional causing imprisonment to be false." (Doc. No. 265 at 1-2). Plaintiff contends that Defendant's Rule 60 Motion should be construed as a motion to vacate pursuant to 28 U.S.C. § 2255, which is subject to dismissal because it was not timely filed. (Doc. No. 269 at 3).

In *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), the United States Supreme Court held that a Rule 60(b) motion for relief from judgment in a habeas corpus case brought under 28 U.S.C. § 2254 should not be characterized as a second or successive petition pursuant to 28 U.S.C. § 2244(b) "if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 2651. The Eleventh Circuit Court of Appeals has determined that *Gonzalez'* "holding and rationale apply equally to § 2255 . . . ." *See United States v. Terrell*, 141 Fed. App'x. 849, 851 (11th Cir. 2005); *see also In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997). Here, Defendant asserts claims of error in his conviction. Thus, contrary to Defendant's argument, this Court must construe his Rule 60(b) motion as a motion for relief under § 2255.

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the present case, the Eleventh Circuit Court of Appeals entered its order of affirmance after remand on March 8, 2004. (Doc. No. 242). Mandate issued on June 4, 2004. *Id.* Defendant sought review in the United States Supreme Court, and on November 18, 2005, the Eleventh Circuit issued an order on remand dismissing Defendant's appeal without prejudice. (Doc. No. 264). Thus, the judgment of conviction became final on November 15, 2005. *Kaufmann v. United States*, 282 F.3d 1336, 1339-40 (11th Cir. 2002) ("[A] 'judgment of conviction becomes final' within the meaning of § 2255 . . . on the date on which the defendant's time for filing a petition [for writ of certiorari] expires."). Since Defendant's judgment of conviction became final on November 15, 2005, he had through November 15, 2006, to file a § 2255 motion in this case. Under the mailbox rule,[1] Defendant's motion was not filed until February 10, 2007. Accordingly, Defendant's § 2255 motion must be denied as untimely.

Even if this Court were to treat Defendant's filing as a motion for relief under Rule 60(b) of the Federal Rules of Criminal Procedure, the motion would be denied as untimely and on the merits. Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void . . . . The motion shall be

---

[1] *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

> made within a reasonable time . . . after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).  Defendant's motion challenging the jurisdiction of the federal government was filed more than five years after the initial judgment was entered in this action and almost four years after his re-sentencing.  (Doc. No. 184, dated January 9, 2002 (judgment) and Doc. No. 226, dated April 1, 2003 (judgment on remand)).  Thus, even if this Court were to treat Defendant's motion as one for relief pursuant to Rule 60(b), it would subject to dismissal because it was not brought within a "reasonable time."

**DONE AND ORDERED** at Orlando, Florida this 18th day of April, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 4/10
Counsel of Record
David Williams